# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JERMAINE WRIGHT,  )
                                            )        Case No. 20 C 1739
           Plaintiff,  )
                                            )        Judge Sharon Johnson Coleman
        v.  )
                                            )
THE CITY OF CHICAGO, et al.,  )
                                            )
          Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jermaine Wright brought a five-count complaint alleging that defendants City of Chicago and Chicago police detectives Thomas Dineen and Nathan Poole violated his constitutional and state law rights. Defendants responded with the present Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. For the following reasons, the Court denies defendants' motion.

**Background**

On August 25, 2015, Wright received a call from his brother to pick him up at 61st and Throop in Chicago. Wright and his sister drove in one vehicle to pick up his brother, and Wright's wife and three minor children drove separately. Upon arriving at 61st and Throop, Wright observed an individual named Adrian Jefferies discharge a firearm at Wright's brother, after which his brother returned fire with a weapon in self-defense. Wright's brother then fled from the scene and Wright drove around the neighborhood looking for him. Wright also called his brother on his cell phone to no avail.

Approximately a month later, on September 29, 2015, detectives Dineen and Poole arrested Wright for first-degree murder despite the fact that no evidence pointed to Wright as the perpetrator. Wright alleges Dineen and Poole did not have evidence that he committed a crime and that they conspired by writing false narratives in police reports, signed false criminal complaints, and

provide false testimony in order to frame him for Jefferies' murder.  Moreover, Wright alleges that

Dineen and Poole conducted improper, coercive, and suggestive interrogation techniques resulting

in witnesses wrongly implicating Wright in the shooting.  Wright alleges that the detectives knew the

witness statements were false, but nonetheless relied upon them.

Wright also alleges that on October 1, 2015, a Cook County Circuit Court judge ordered

Wright to be held without bail.  Wright maintains that detective Dineen then falsely testified before a

grand jury resulting in his being indicted.  The matter proceeded to trial and the State presented the

false testimony of detectives Poole and Dineen.  The jury found Wright not guilty as to all charges.

Wright was released from jail on March 14, 2019.  Wright's pre-trial detention was from September

29, 2015 until March 14, 2019.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency

of the complaint, not its merits.  *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d

233 (2011).  When considering dismissal of a complaint, the Court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Erickson v. Pardus*, 551

U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam).  To survive a motion to dismiss,

plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A complaint is facially plausible when the

plaintiff alleges "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

173 L.Ed.2d 868 (2009).

**Discussion**

Wright first brings an unlawful pretrial detention claim in Count I of his complaint.  He

alleges that he was detained on false felony charges and that his pretrial detention was unlawful

because there was no probable cause to support his felony charges. "[P]retrial detention is a 'seizure'—both before formal legal process and after—and is justified only on probable cause' to believe that the detainee has committed a crime." *Young v. City of Chicago*, ___F.3d ___, 2021 WL 403899, at *2 (7th Cir. Feb. 5, 2021) (citation omitted). "[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Whitlock v. Brown*, 596 F.3d 406, 411 (7th Cir. 2010).

In their motion, defendants argue that Wright has failed to allege that the police lacked probable cause to arrest him and that there was no probable cause to detain him. Viewing the allegations and all reasonable inferences in his favor, Wright has sufficiently alleged the lack of probable cause by stating that he was arrested for first-degree murder despite the fact there was no evidence he committed a crime. As to his unlawful detention, Wright alleges that Poole and Dineen wrote false narratives in their police reports, signed fake criminal complaints, and provided false testimony. Also, Wright asserts that detective Dineen falsely testified against him before a grand jury. Wright states that Dineen and Poole coerced witnesses into giving false statements implicating him. These allegations stating that there was no evidence that Wright committed a crime and that defendants falsely created evidence implicating him plausibly suggest that there was no probable cause to arrest and detain Wright. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). The Court denies defendants' motion to dismiss Count I of the complaint.

In Count II, Wright alleges that detectives Poole and Dineen violated his due process rights by manufacturing false evidence. Because "a claim for wrongful pretrial detention based on fabricated evidence is distinct from a claim for wrongful *conviction* based on fabricated evidence,"

3

Wright's claim falls under the Fourth Amendment. *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019) (emphasis in original). Wright agrees that *Lewis* holds that the Fourth Amendment is the source of his unlawful pretrial detention claim. Wright, nonetheless, argues that the Supreme Court's decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019) casts doubt on the *Lewis* holding that a wrongful pretrial detention claim can only be brought under the Fourth Amendment.

Because discovery for both claims will significantly overlap, the Court follows the lead of other judges in this district and declines to dismiss Count II on the pleadings, but will consider the issue again if presented on summary judgment. *See Culp v. Flores*, 454 F. Supp. 3d 764 (N. D. Ill. 2020) (Feinerman, J.); *Mack v. City of Chicago*, No. 19 C 4001, 2020 WL 7027649, at *3 (N.D. Ill. Nov. 30, 2020) (Pallmeyer, J.)

In Count IV, Wright brings a malicious prosecution claim under Illinois law, which requires a plaintiff to eventually demonstrate: "(1) the commencement or continuance by the defendant of an original judicial proceeding against the plaintiff; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) malice; and (5) damages." *Barnes v. City of Centralia, Ill.*, 943 F.3d 826, 833 (7th Cir. 2019).

In their motion to dismiss, defendants assert that Wright has failed to sufficiently allege that they played a significant role in commencing and continuing his prosecution by engaging in wrongful conduct. The allegations in the complaint, however, reveal that the detectives played a significant role because they knowingly and repeatedly provided false information, including signing false criminal complaints and providing false testimony to the grand jury. *See Beaman v. Freesmeyer*, 131 N.E.3d 488, 499, 433 Ill.Dec. 130, 141, 2019 IL 122654, ¶ 43 (Ill. 2019) ("a person can be liable for commencing or continuing a malicious prosecution even if that person does not ultimately wield prosecutorial power or actively deceive prosecutors.").

4

Last, because Wright has sufficiently alleged an underlying constitutional violation, the Court denies defendants' motion to dismiss the conspiracy claim alleged in Count III. Also, Wright's indemnification claims survives defendants' motion to dismiss.

**Conclusion**

For the foregoing reasons, the Court denies defendants' motion to dismiss [17].

IT IS SO ORDERED.

Date: 2/25/2021

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge